### No. 11,123

### Orleans

---

### STEWART, Appellant, v. CANAL STEEL WORKS, INC.

---

(January 30, 1928. Opinion and Decree.)

---

*(Syllabus by the Court)*

## 1. Louisiana Digest—Appeal—Par. 625.

When a case involves merely a question of fact the judgment will be affirmed unless manifestly erroneous.

Appeal from First City Court. Hon. Alex Bahns, Judge.

Action by S. J. Stewart against Canal Steel Works, Inc.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Ernest J. Robins, of New Orleans, attorney for plaintiff, appellant.

N. H. Feitel, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. Plaintiff claims damages for injury to motors leased by him to defendants and for balance of rent due.

1st. He alleged that he is engaged in the electrical supplies business; that he leased to the defendant one 10 H. P. Allis Chalmers motor at $7.50 per month or fraction thereof; and

2nd. That he also leased to defendant a 5-Horse Power Fairbanks Morse motor with accessories at $11 per month or fraction thereof; that both motors have been returned to him; that the rent for the Chalmers motor has been paid but there, remains due $11 for the rent of the 5 H. P. motor for the month beginning November 5th; that the two motors were not returned in the same good condition in which they were when leased; that when returned the stator of the Allis Chalmers motor was damaged to such an extent that it was necessary to rewind it and to repair the bearings at a cost of $70; that the stator of the 5 H. P. motor had been burnt out and was repaired at a cost of $45. Wherefore the plaintiff claims $126.00.

The defendants admitted the renting of the two motors; averred that the motors were not in first class condition when rented but were second-hand motors, and were returned by defendants in the same condition in which they were when rented, wear and tear excepted; that the 5 H. P.

motor was of no use to defendants as same ceased to operate after a few days' use, and was returned to plaintiff.

There was judgment in favor of plaintiff for $11 and he has appealed. The defendant has also appealed.

The testimony establishes that the motors leased were second-hand at least five years old. Plaintiff and his three witnesses testify that the motors were tested before being delivered to defendants and were in good running order. The defendants' two witnesses, one the chief engineer of defendant company, a graduate electrical engineer from the Louisiana State University, testify that the Allis Chalmers motor was unfit for use, and that the other worked fairly well and was returned in the same condition in which it had been received. There is no preponderance of testimony in favor of plaintiff's allegations that damage was done by the defendants to the motors leased by them from the plaintiff. The trial judge was of that opinion and we cannot say that he erred.

The claim of $11 for the rent of the motor is established to our satisfaction.

The judgment is therefore affirmed.